EXHIBIT A

**EXHIBIT A**

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 3 2016

CLERK OF THE SUPERIOR COURT
By_____
Deputy

1  John Robert Unruh SBN 254662
   Unruh Law, P.C.
2  100 Pine Street, Suite 1250
   San Francisco, CA 94111
   415-335-6417
3  john@jru-law.com

4  Attorney for Plaintiff
   SARAH DOMENICO

5

6                IN THE SUPERIOR COURT OF CALIFORNIA

                    FOR THE COUNTY OF ALAMEDA
7
                                              **16820823**
8  SARAH DOMENICO,                )  Case No.: RG
                                  )
9            Plaintiff,           )  **COMPLAINT FOR DAMAGES**
                                  )
                                  )  (Unlimited Civil)
10       v.                       )
                                  )  1.  Intentional Infliction of Emotional
11 VIAGUARD ACCU-METRICS,         )      Distress
   VIAGUARD PRENATAL PATERNITY    )  2.  Negligent Infliction of Emotional
12 TESTING DIVISION, HARTEN       )      Distress
   RESOURCES, INC., and DOES 1 to 10 ) 3.  Breach of Contract
13 INCLUSIVE,                     )  4.  Unfair Business Practice
                                  )  5.  False Advertising
14           Defendants.          )

15

16 Plaintiff, SARAH DOMENICO, alleges as follows:

17 **I.  GENERAL ALLEGATIONS**

18 1.     At all times relevant to this Complaint Plaintiff, SARAH DOMENICO (hereafter "Plaintiff")

19 was a resident of Alameda County, California.

20 2.     At all times relevant to this Complaint Defendant, VIAGUARD ACCU-METRICS was a

21 business and/or a corporation organized under the laws of the province of Ontario, Canada and

22 actually doing business in California within the County of Alameda.

23 //

24 //

---
- 1 -
COMPLAINT FOR DAMAGES

**BY FAX**

3.    At all times relevant to this Complaint Defendant, VIAGUARD PRENATAL PATERNITY TESTING DIVISION was a business and/or a corporation organized under the laws of the province of Ontario, Canada and actually doing business in California within the County of Alameda.

4.    At all times relevant to this Complaint, Defendant HARTEN RESOURCES INC. was a corporation organized under the laws of the province of Ontario, Canada and actually doing business in California within the County of Alameda.

5.    The true names and capacities of Defendants sued herein as Does 1 through 10, and each of them, is unknown and therefore Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant is negligent or otherwise responsible in some manner for the occurrences alleged in this Complaint and that Plaintiff's injuries and damages were legally caused by Defendants' negligence or other conduct.

6.    At all times herein mentioned each of the Defendants was the agent and/or employee to each of the remaining Defendants, each of the Defendants was acting within the course and scope of this agency and employment, and each of the other remaining Defendants has ratified and approved the acts of its agent.

7.    At all times relevant herein, Defendants, and each of them, provided various testing services to the general public throughout all of North America, including, but not limited to, DNA paternity testing. Defendants, and each of them, advertise to the public throughout all of North America that they provide clinically precise forensic services, including, but not limited to, DNA paternity testing and that they have 2,500 collection centers throughout all of North America.

8.    Sometime in late 2013, Plaintiff, while pregnant, began a search for a paternity testing service that could assist her in the determination of the biological father of her unborn child. Plaintiff

1  conducted an extensive search for potential vendors of paternity testing services on the internet and,

2  during the course of this search, reviewed and considered many different services.

3  9.      On or around November 2013 through the beginning of 2014, Plaintiff engaged Defendants,

4  and each of them, to provide the paternity testing services she was in need of. Plaintiff chose

5  Defendants, and each of them, in part based on the representations of accuracy and expertise made

6  by Defendants, and each of them, on Defendants' website(s).

7  10.     Once hired by Plaintiff, Defendants, and each of them, provided Plaintiff with advice and

8  counsel over the phone on how to collect samples from the two potential fathers and how to submit

9  them to their facility for testing. Plaintiff complied with all of Defendants' requests, retrieved DNA

10  samples from each potential father, and timely forwarded them to Defendants' laboratory.

11  11.     Shortly thereafter, an employee and/or agent (hereafter "Doe 1") of Defendants told Plaintiff

12  on the phone that the sample for one potential father (hereafter "Man A") was inconclusive and the

13  sample was positive for the other potential father (hereafter "Man B"). Due to the one inconclusive

14  result, Plaintiff submitted to Defendants an additional new sample from Man A. Plaintiff was

15  informed by Defendants, and each of them, that they tested the new sample from Man A. Again,

16  Defendants informed Plaintiff that Man A's result was inconclusive. Defendants, and each of them,

17  informed Plaintiff that they did not retest Man B's sample because "positive results do not change."

18  After the second results, Plaintiff determined that Man B must be the father since his results were

19  twice found to be positive.

20  12.     At and around this time, Plaintiff was living with Man A on the belief that he was the father

21  of the unborn child. After paternity tests by Defendants twice indicated Man B was the father,

22  Plaintiff told Man A about Man B and stated that Man B was the father of the unborn child. As a

23

24

1  result of this disclosure, Plaintiff left Man A's home and experienced a period of homelessness that

2  lasted up until around early June 2014.

3  13.    Plaintiff's daughter was born on June 23, 2014. Soon thereafter, Plaintiff came to suspect that

4  Man B was *not* the father of her newborn child and so Plaintiff and Man B sought out additional

5  testing at a different paternity laboratory. The new results confirmed her feelings that Man B was not

6  the father as Defendants, and each of them, had *twice* stated to Plaintiff.  Plaintiff promptly called

7  Defendants to relay this information. Shockingly, Doe 1 told Plaintiff "you did this to yourself."

8  14.    After concluding by reason of deduction that Man A must be the true father of her child,

9  Plaintiff reached out to him in an attempt at reconciliation. Man A was incredulous at the news that

10  he was the father. In an attempt to assuage his disbelief, Plaintiff arranged a call with Defendants,

11  and each of them, so that Man A could learn that Plaintiff really was twice informed that Man B was

12  the father and that Man A's results were inconclusive. Unfortunately, when the conference call

13  between Defendants, Plaintiff and Man A occurred, Doe 1 stated that Plaintiff was "lying". This was

14  patently false and further inflamed Man A's incredulity of the situation causing Plaintiff great

15  emotional stress and harm.

16  15.    Shortly thereafter, Plaintiff pleaded with Man A to go to a new paternity testing facility with

17  her so that Man A could learn that he was in fact the father of the child. After considerable effort and

18  time spent by Plaintiff, Man A relented and went in for testing, the results confirming that he was the

19  father of Plaintiff's newborn child.

20  16.    The facts discussed herein caused and continue to cause Plaintiff considerable emotional

21  distress, humiliation, pain and suffering. Moreover, Plaintiff has spent significant sums of money to

22  attempt to undo the harmful and far reaching negative effects and impact of Defendants', and each of

23  their, erroneous results and other acts and omissions. Plaintiff has, *inter alia,* had to pay out-of-

24

1  pocket for private therapy sessions with Man A to repair the damage caused by the false paternity
2  claims, and there are multiple additional on-going costs. This ordeal has also negatively impacted
3  Plaintiff's ability to both work and care for her young daughter.

4  ### PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5
6  17.    Plaintiff hereby incorporates by reference paragraphs 1 through 16 above as if set forth in full
   herein.
7
8  18.    Defendants, and each of them, acted negligently, maliciously and recklessly with regard to
9  Plaintiff in the performance of the paternity testing services described herein. As a direct and
10 proximate result of the intentional, malicious, harmful, unlawful and offensive acts of Defendants, as
   aforesaid, Plaintiff sustained severe and serious injury to her person, including but not limited to
11
   severe emotional distress, mental distress, shock, feelings of despair and helplessness, anxiety,
12
13 frustration, humiliation and indignity in a sum within the jurisdiction of this court and to be shown
   according to proof.
14
15 19.    By reason of the foregoing, Plaintiff was required to employ the services of hospitals,
16 physicians, phycologists, mental health experts, laboratories, and other professional services that she
   otherwise would have avoided but for Defendants', and each of their, negligence. Plaintiff incurred
17
   significant expenses for these services.
18
19 ### PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

20 20.    Plaintiff hereby incorporates by reference paragraphs 1 through 19 above as if set forth in full
21 herein.

22 21.    Defendants, and each of them, acted negligently and recklessly with regard to Plaintiff in the
23 performance of the paternity testing services described herein. As a direct and proximate result of the

24

1 acts and omissions of Defendants, as aforesaid, Plaintiff sustained severe and serious injury to her

2 person, including but not limited to severe emotional distress, mental distress, shock, feelings of

3 despair and helplessness, anxiety, frustration, humiliation and indignity in a sum within the

4 jurisdiction of this court and to be shown according to proof.

5 22.    By reason of the foregoing, Plaintiff was required to employ the services of hospitals,

6 physicians, phycologists, mental health experts, laboratories, and other professional services that she

7 otherwise would have avoided but for Defendants', and each of their, negligence. Plaintiff incurred

8 significant expenses for these services.

9 ### PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS: BREACH OF CONTRACT

10

11 23.    Plaintiff hereby incorporates by reference paragraphs 1 through 22 above as if set forth in full

herein.

12

13 24.    Defendants, and each of them, breached their obligation under their contracts with Plaintiff in

14 that they failed to adequately perform the services Plaintiff bargained for when she engaged

Defendants, and each of them, to perform paternity testing services.

15

16 25.    As a direct and proximate result of the acts and omissions of Defendants, as aforesaid,

17 Plaintiff sustained severe and serious injury to her person, including but not limited to severe

emotional distress, mental distress, shock, feelings of despair and helplessness, anxiety, frustration,

18

19 humiliation and indignity in a sum within the jurisdiction of this court and to be shown according to

proof.

20

21 26.    By reason of the foregoing, Plaintiff was required to employ the services of hospitals,

22 physicians, phycologists, mental health experts, laboratories, and other professional services that she

23 otherwise would have avoided but for Defendants', and each of their, negligence. Plaintiff incurred

significant expenses for these services.

24

## PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: UNFAIR COMPETITION UNDER BUSINESS AND PROFESSIONS CODE §17200

27.     Plaintiff hereby incorporates by reference paragraphs 1 through 26 above as if set forth in full herein.

28.     The conduct of Defendants, and each of them, is part of a general business practice that constitutes an unfair and fraudulent business practice within the meaning of Business & Professions Code section 17200. Accordingly, Plaintiff is entitled to restitution of all funds paid to Defendants, and each of them, by her.

29.     By reason of the foregoing, Plaintiff was required to employ the services of hospitals, physicians, phycologists, mental health experts, laboratories, and other professional services that she otherwise would have avoided but for Defendants', and each of their, negligence. Plaintiff incurred significant expenses for these services.

## PLAINTIFF'S FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE ADVERTISING UNDER BUSINESS AND PROFESSIONS CODE §17500

30.     Plaintiff hereby incorporates by reference paragraphs 1 through 29 above as if set forth in full herein.

31.     Fraudulent, misleading and deceptive advertising of Defendants, and each of them, as described herein are part of a general business practice that constitutes a false advertising within the meaning of Business & Professions Code section 17500. Defendants, and each of them, knew or should have known that various statements and/or advertisements made by them were untrue and/or misleading.

32.     Plaintiff justifiably relied on said statements and advertisements of Defendants, and each of them, and as a direct result of her reliance on said statements was deceived and suffered harm. By reason of the foregoing, Plaintiff was required to employ the services of hospitals, physicians,

1  phycologists, mental health experts, laboratories, and other professional services that she otherwise

2  would have avoided but for Defendants', and each of their, negligence. Plaintiff incurred significant

3  expenses for these services. Accordingly, Plaintiff is entitled to restitution of all funds paid to

4  Defendants, and each of them, by her.

5  **II.     PRAYER FOR RELIEF**

6  WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

7  FIRST AND SECOND CAUSE OF ACTION

8  A.   For compensatory damages in an amount according to proof;

9  B.   For exemplary and punitive damages in a sum sufficient to punish and make an example of

10  Defendants, and each of them, in an amount according to proof;

11  C.   For the interest provided by law;

12  D.   For an award of reasonable attorney's fees and costs incurred; and

13  E.   All other relief the Court deems just and proper.

14  THIRD CAUSE OF ACTION

15  A.   For compensatory damages in an amount according to proof;

16  B.   For the interest provided by law;

17  C.   For an award of reasonable attorney's fees and costs incurred; and

18  D.   All other relief the Court deems just and proper.

19  FOURTH AND FIFTH CAUSE OF ACTION

20  A.   For restitution in an amount according to proof;

21  B.   For civil penalties where available by statute;

22  C.   For the interest provided by law;

23  D.   For an award of reasonable attorney's fees and costs incurred; and

24

1    E.   All other relief the Court deems just and proper

2    Date: June 23, 2016                         Respectfully submitted,

3                                      UNRUH LAW, P.C.

John Robert Unruh
Attorney for SARAH DOMENICO

## DEMAND FOR A JURY TRIAL

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

Dated: June 23, 2016

John Robert Unruh
Attorney for SARAH DOMENICO

EXHIBIT B

**EXHIBIT B**

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VIAGUARD ACCU-METRICS

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SARAH DOMENICO

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 3 2016

CLERK OF THE SUPERIOR COURT
By _____ CHERYL CLARK _____
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of California, County of Alameda <br> 1225 Fallon Street <br> Oakland, CA 94501 | *(Número del Caso):* **16820823** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Robert Unruh SBN 254662     415-335-6417
100 Pine Street, Suite 1250
San Francisco, CA 94111

| DATE: <br> *(Fecha)* JUN 2 3 2016 | Clerk, by <br> Chad Finke | **CHERYL CLARK** | , Deputy |
|---|---|---|---|
| | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* VIAGUARD ACCU-METRICS

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

CEB

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HARTEN RESOURCES INC.

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 9 2016

CLERK OF THE SUPERIOR COURT
By_____CHERYL CLARK_____
Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SARAH DOMENICO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Alameda<br>1225 Fallon Street<br>Oakland, CA 94501 | **CASE NUMBER:**<br>*(Número del Caso):* **16820823** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Robert Unruh SBN 254662    415-335-6417
100 Pine Street, Suite 1250
San Francisco, CA 94111

| DATE: | | | |
|---|---|---|---|
| *(Fecha)* JUN 2 3 2016 | Chad Finke Clerk, by *(Secretario)* **CHERYL CLARK** | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HARTEN RESOURCES INC.

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

CEB

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VIAGUARD PRENATAL PATERNITY TESTING DIVISION

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SARAH DOMENICO

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUN 23 2016

CLERK OF THE SUPERIOR COURT
By_____ CHERYL CLARK
Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Alameda
1225 Fallon Street
Oakland, CA 94501

**CASE NUMBER:**
*(Número de Caso):*
RG16820823

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Robert Unruh SBN 254662    415-335-6417
100 Pine Street, Suite 1250
San Francisco, CA 94111

DATE: JUN 23 2016    Clerk, by    Chad Finke, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

CHERYL CLARK

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* VIAGUARD PRENATAL PATERNITY TESTING DIVISION

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

CEB

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT C

**EXHIBIT C**

Fax Server          7/18/2016 2:44:00 PM   PAGE   2/002   Fax Server

07/18/2016   02:17 PDT   TO:15102675739  FROM:4153605917        Page:   2

---

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>John Robert Unruh                              SBN 254662<br>Law Office of John Robert Unruh<br>400 Pine Street, Suite 1250<br>San Francisco          CA   94111<br>  TELEPHONE NO. 415-335-6417        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): john@jru-law.com<br>ATTORNEY FOR (Name): Sarah Domenico | **FILED BY FAX** POS-010<br>ALAMEDA COUNTY<br><br>July 18, 2016<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Burt Moskaira, Deputy<br><br>CASE NUMBER:<br>**RG16820823** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
  STREET ADDRESS: 1225 Fallon Street
  MAILING ADDRESS: 1225 Fallon Street
  CITY AND ZIP CODE: Alameda          CA   94501
  BRANCH NAME: Rene C. Davidson Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: Sarah Domenico<br><br>DEFENDANT/RESPONDENT: Viaguard Accu-Metrics et al. | CASE NUMBER<br>RG 16820823 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No. |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Harvey Tenenbaum

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Viaguard Accu-Metrics; Viaguard Prenatal Paternity Testing Division; Harten Resouces Inc.

4. Address where the party was served:
   1232 244 Kingston Rd., No. 116, Toronto, Ontario, Canada, M1N 1P3

5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* June 29, 2016 (2) at *(time):* 7:50 p.m.
   b. [ ] by substituted service. On *(date):*                at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | CEB | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Sarah Domenico | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Viaguard Accu-Metrics et al. | RG 16820823 |

5.   c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date):*                                            (2)  from *(city):*

   (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐   to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d. ☐   **by other means** *(specify means of service and authorizing code section):*

   ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐   as an individual defendant.
   b. ☐   as the person sued under the fictitious name of *(specify):*
   c. ☐   as occupant.
   d. ☒   On behalf of *(specify):*
         under the following Code of Civil Procedure section:
         ☐   416.10 (corporation)                      ☒   415.95 (business organization, form unknown)
         ☐   416.20 (defunct corporation)             ☐   416.60 (minor)
         ☐   416.30 (joint stock company/association)  ☐   416.70 (ward or conservatee)
         ☐   416.40 (association or partnership)       ☐   416.90 (authorized person)
         ☐   416.50 (public entity)                    ☐   415.46 (occupant)
                                                       ☐   other:

7.   **Person who served papers**
   a.   Name:   ANTHONY DIAZ
   b.   Address:  160 WOODMOUNT AVENUE TORONTO ONTARIO M4C 3Z1
   c.   Telephone number: (416) 903 8643
   d.   **The fee for service was:** $68 30
   e.   I am:
      (1) ☒   not a registered California process server.
      (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐   a registered California process server:
            (i)  ☐   owner  ☐   employee  ☐   independent contractor.
            (ii)   Registration No.:
            (iii)  County:

8.  ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:

ANTHONY DIAZ
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR  MARSHAL)                    ▶                                    (SIGNATURE )

EXHIBIT D

**EXHIBIT D**

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | FOR COURT USE ONLY |
|---|---|
| John Robert Unruh    SBN 254662    TELEPHONE NO.: 415-335-6417<br>Law Office of John Robert Unruh<br>100 Pine Street, Suite 1250<br>San Francisco    CA    94111<br>ATTORNEY FOR *(name):* Sarah Domenico | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Alameda    CA    94501
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF: Sarah Domenico
DEFENDANT: Viaguard Accu-Metrics et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>RG 16820823 |
|---|---|

To *(name of one defendant only):* Viaguard Accu-Metrics
Plaintiff *(name of one plaintiff only):* Sarah Domenico
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**
- a. [X] Pain, suffering, and inconvenience ................................................................ $ 300,000.00
- b. [X] Emotional distress. ........................................................................................ $ 300,000.00
- c. [ ] Loss of consortium ......................................................................................... $ _____
- d. [ ] Loss of sociey and companionship *(wrongful death actions only)* ................. $ _____
- e. [ ] Other *(specify)* _____ $ _____
- f. [ ] Other *(specify)* _____ $ _____
- g. [ ] Continued on Attachment 1.g.

**2. Special damages**
- a. [X] Medical expenses *(to date)* ........................................................................ $ 20,000.00
- b. [X] Future medical expenses *(present value)* .................................................... $ 180,000.00
- c. [ ] Loss of earnings *(to date)* ........................................................................... $ _____
- d. [ ] Loss of future earning capacity *(present value)* ........................................... $ _____
- e. [ ] Property damage ........................................................................................... $ _____
- f. [ ] Funeral expenses *(wrongful death actions only)* ......................................... $ _____
- g. [ ] Future contributions *(present value) (wrongful death actions only)* ............. $ _____
- h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
- i. [ ] Other *(specify)* _____ $ _____
- j. [ ] Other *(specify)* _____ $ _____
- k. [ ] Continued on Attachment 2.k.

**3.** [X] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 500,000.00
    when pursuing a judgment in the suit filed against you.

Date: August 24, 2016



| John Robert Unruh | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF) |

(Proof of service on reverse)

Page 1 of 2

CIV-050

| | |
|---|---|
| PLAINTIFF: Sarah Domenico | CASE NUMBER: |
| DEFENDANT: Viaguard Accu-Metrics et al. | RG 16820823 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. [X] Statement of Damages [ ] Other *(specify):*

   b. on *(name):* Viaguard Accu-Metrics

   c. by serving [ ] defendant   [X] other *(name and title or relationship to person served):* Sean Ponist, attorney for Viaguard Accu-Metrics

   d. [ ] by delivery   [ ] at home   [ ] at business
      (1) date:
      (2) time:
      (3) address:

   e. [X] by mailing
      (1) date: August 24, 2016
      (2) place: 12526 High Bluff Drive, Suite 300, San Diego, CA 92130

2. Manner of service *(check proper box):*
   a. [ ] **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. [ ] **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. [ ] **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. [X] **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**

   e. [ ] **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. [ ] **Other** *(specify code section):*
      [ ] additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. [ ] California sheriff, marshal, or constable
   b. [ ] Registered California process server
   c. [ ] Employee or independent contractor of a registered California process server
   d. [X] Not a registered California process server
   e. [ ] Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:
   John Robert Unruh
   Unruh Law, P.C.
   100 Pine Street, Suite 1250
   San Francisco, CA 94111

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 24, 2016

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
                (SIGNATURE)

▶ _____
                (SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**
CEB

EXHIBIT E

**EXHIBIT E**

Law Office of John Robert Unruh
Attn: Unruh, John Robert
100 Pine Street
Suite 1250
San Francisco, CA   94111____

## Superior Court of California, County of Alameda

| | |
|---|---|
| Domenico | No. RG16820823 |
| **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT** |
| VS. | **CONFERENCE AND ORDER** |
| Viaguard Accu-Metrics | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 11/07/2016 | Department: 16 | Judge: Stephen Pulido |
| Time: 03:00 PM | Location: **Administration Building** | Clerk: Kasha Clarke |
| | **Third Floor** | Clerk telephone: **(510) 267-6932** |
| | **1221 Oak Street, Oakland  CA  94612** | E-mail: Dept16@alameda.courts.ca.gov |
| | Internet: **www.alameda.courts.ca.gov** | Fax: |

## ORDERS

1. **Plaintiff** must:

    a.  Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

    b.  **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant** must respond as stated on the summons.

3. **All parties who have appeared before the date of the conference must:**

    a.  **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

    b.  **File and serve** a completed *Case Management Statement* on Form CM-110 at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

    c.  **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/27/2016.

By _____
Michelle Bank
Digital
Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG16820823
Case Title:   Domenico VS Viaguard Accu-Metrics
Date of Filing: 06/23/2016

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Stephen Pulido** |
| **Department:** | **16** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6932** |
| **Fax Number:** | |
| **Email Address:** | **Dept16@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, George E. McDonald Hall of Justice, 2233 Shoreline Drive, Alameda, California, 94501 and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Stephen Pulido
DEPARTMENT 16

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association at www.acbanet.org.

All references to "counsel" in this Order apply equally to self-represented litigants. The Court maintains Self-Help Services at 24405 Amador Street, Hayward, CA, (510) 272-1393.

Parties and counsel must submit identical courtesy copies of all law and motion papers directly to Dept. 16 no later than 12:00 p.m. the day after they are filed and served. If the courtroom is closed when the delivery is made, counsel may leave the papers in the box placed outside of Dept. 16. This requirement is set forth in Local Rule 3.30(c). If a party files a motion that requires the Court to review the pleadings, courtesy copies of the relevant Complaints, Cross-Complaints, or Answers must also be delivered to Dept. 16.

**Schedule for Department 16**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Mondays through Thursdays, beginning at 8:30 a.m. and concluding at 1:30 p.m.

- Case Management Conferences are held:  Mondays, Tuesdays and Thursdays at 3:00 p.m. Timely filed and complete case management conference statements are mandatory in all cases.

- Law and Motion matters are heard:  Tuesdays and Thursdays at 3:00 p.m.

- Settlement Conferences are heard:  Friday mornings.  The time will be determined by the Court in coordination with the parties.
- Pre-Trial Readiness conferences take place at 1:30 p.m. on Fridays.
- Ex Parte matters are heard:  Mondays and Thursdays at 2:30 p.m., as space is available.
- (1)  Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC 3.724).  (2)  Potential discovery and other problems should be anticipated and discussed. (3)  No discovery motion shall be filed without prior serious efforts to resolve it.
- If possible, parties should deliver courtesy copies of papers filed in support and in opposition to ex parte applications no later than 4:00 p.m. on the court date before the hearing on the application. If the parties cannot meet that deadline, they should attempt to deliver the papers to Dept. 16 at least two hours prior to the hearing on the application. the court notes that parties opposing an ex parte application are not required to submit written oppositions prior to the hearing.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:          Dept16@alameda.courts.ca.gov


- Ex Parte Matters
    Email:          Dept16@alameda.courts.ca.gov


## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 16
- Phone:  1-866-223-2244

Dated:  06/24/2016

Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/27/2016

By     _Michelle Bank_____

Deputy Clerk

POS-030

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>John Robert Unruh                                  SBN 254662<br>Law Office of John Robert Unruh<br>100 Pine Street, Suite 1250<br>San Francisco                                      CA   94111<br>TELEPHONE NO.: 415-335-6417<br>E-MAIL ADDRESS *(Optional)*: john@jru-law.com          FAX NO. *(Optional)*:<br>ATTORNEY FOR *(Name)*: Sarah Domenico | **FOR COURT USE ONLY** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS: 1225 Fallon Street<br>CITY AND ZIP CODE: Alameda                    CA      94501<br>BRANCH NAME: Rene C. Davidson Courthouse | |
| PETITIONER/PLAINTIFF: Sarah Domenico<br><br>RESPONDENT/DEFENDANT: Viaguard Accu-Metrics et al. | |
| **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL** | CASE NUMBER:<br>RG 16820823 |

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1.  I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2.  My residence or business address is: Law Office of John Robert Unruh
    100 Pine Street, Suite 1250
    San Francisco, CA 94111

3.  On *(date)*: 07/07/16          I mailed from *(city and state)*: San Francisco, CA
    the following **documents** *(specify):*
    Notice of Case Management Conference and Order

    ☐  The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
       (form POS-030(D)).

4.  I served the documents by enclosing them in an envelope and *(check one):*
    a.  ☒  **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
    b.  ☐  **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this
           business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is
           placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in
           a sealed envelope with postage fully prepaid.

5.  The envelope was addressed and mailed as follows:
    a.  **Name** of person served: Sean Ponist
    b.  **Address** of person served: Law Offices of Sean Ponist
                                      12526 High Bluff Drive, Suite 300,
                                      San Diego, California 92130

    ☐  The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service
       by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 07/07/16

_____John Robert Unruh_____                    ▶  _____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)              (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005]     **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>(Proof of Service)     Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov

CEB

EXHIBIT F

**EXHIBIT F**



Sean E. Ponist (SBN 204712)
sponist@ponistlaw.com
Georgia Z. Schneider (SBN 251358)
gschneider@gmail.com
LAW OFFICES OF SEAN PONIST, P.C.
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
sponist@ponistlaw.com
(858) 412-1211 (T)
(888) 350-5442 (F)

Attorneys for Defendants
Viaguard Accu-Metrics, Viaguard Prenatal Paternity
Testing Division and Harten Resources, Inc.

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 2 2016

CLERK OF THE SUPERIOR COURT
By _____Sue Peske_____
                              Deputy

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| Sarah Domenico,<br><br>              Plaintiff,<br><br>vs.<br><br>Viaguard Accu-Metrics, Viaguard Prenatal Paternity Testing Division, Harten Resources, Inc., and DOES 1 to 10 INCLUSIVE.<br><br>              Defendants. | Case No. RG16820823<br><br>Assigned to the Hon. Stephen M. Pulido<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  September 13, 2016<br>Time:  3:00 p.m.<br>Dept.:  16<br><br>Reservation #R-1771662<br><br>Action Filed:  June 23, 2015<br>Trial Date:  None Set |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN THAT** on September 13, 2016 at or about 3 p.m., or as soon thereafter as this matter may be heard in Department 16 of the above-referenced court, Administration Building, 1221 Oak Street, Oakland, California 94612, Defendants Viaguard Accu-Metrics, Viaguard Prenatal Paternity Testing Division and Harten Resources, Inc. (collectively, "Harten" or "Defendants"), will, and hereby do, move to strike portions of the Complaint of Plaintiff Sarah Domenico ("Domenico" or "Plaintiff") filed on or about June 23, 2016 (the "Complaint").

Harten moves to strike the following portions of the complaint:

1      ▪  All claims for exemplary and punitive damages as such are unsupported and unwarranted in

2         the context of this case (Complaint, Prayer, ¶ B of the First and Second Causes of Action

3         [8:9-10]);

4      ▪  All claims for interest as such are unsupported and impermissible in the context of this case

5         (Complaint, Prayer, ¶ C of the First and Second Causes of Action [8:11], ¶ B of the Third

6         Cause of Action [8:16], and ¶ C of the Fourth and Fifth Causes of Action [8:22]);

7      ▪  All claims for attorney fees and costs as such are neither supported by statute nor contract

8         (Complaint, Prayer, ¶ D of the First and Second Causes of Action [8:12], ¶ C of the Third

9         Cause of Action [8:17], and ¶ D of the Fourth and Fifth Causes of Action [8:23]).

10         The Motion to Strike will be based on this Notice of Motion and Motion, the Points and

11     Authorities in Support thereof, the Request for Judicial Notice, the records and files in this action, and

12     upon further argument as may be presented prior to or at the time of hearing on this Motion to Strike.

14     Dated:  August 12, 2016                         LAW OFFICES OF SEAN PONIST, P.C.

16                                                     By: _____
                                                          Sean E. Ponist

18                                                     Attorneys for Defendants
                                                       Viaguard Accu-Metrics, Viaguard Prenatal
19                                                     Paternity Testing Division and Harten Resources,
                                                       Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1

2   **I.**    **INTRODUCTION**

3         The Complaint essentially alleges that Plaintiff, unsure of the identity of the father of her child,

4   engaged the services of Defendants to perform DNA/paternity testing.  According to the Complaint,

5   Plaintiff, a layperson with no experience in collecting DNA samples, nonetheless properly,

6   surreptitiously collected such samples from the potential fathers, properly maintained custody of the

7   samples and properly submitted the samples for testing to Defendants' laboratory.  Defendants, who,

8   specialize in DNA testing services, nonetheless, allegedly somehow improperly tested the samples or

9   otherwise improperly reported the results of the samples provided by Plaintiff.  This lawsuit follows and

10   Plaintiff seeks, *inter alia*, exemplary and punitive damages, interest and attorney fees, none of which are

11   supported by the allegations or otherwise under the law.

12         *First*, exemplary and punitive damages require an intent to annoy, vex, harass or other egregious

13   behavior.  Here, however, even if the allegations are assumed to be true as they must be at this stage,

14   Defendants' conduct amounts to simple negligence and, as such, does <u>not</u> support punitive damages.

15         *Second*, interest is only allowed on liquidated damages, i.e., damages which are certain or readily

16   capable of certainty through simple addition.  Here, however, Plaintiff seeks damages for emotional

17   distress which are <u>not</u> certain and, accordingly, Plaintiff is <u>not</u> entitled to interest.

18         *Last*, a litigant is only entitled to attorney fees where authorized by statute or contract.  Here,

19   Plaintiff fails to allege a basis for either in support of her claim for attorney fees and, in fact, no basis

20   exists.  Accordingly, Plaintiff's claim for attorney fees fails as a matter of law.

21         Based on the deficiencies in the Complaint and the arguments set forth herein, Defendants

22   respectfully request that the Court grant their Motion to Strike.

23   **II.**    **STATEMENT OF FACTS**

24         According to the Complaint, "Defendants, and each of them, provided various testing services to

25   the general public throughout all of North America, including, but not limited to, DNA paternity testing."

26   (Complaint, ¶ 7 [2:17-19].)  "On or around November 2013 through the beginning of 2014, Plaintiff

27   engaged Defendants, and each of them, to provide the [subject] paternity testing services."  (*Id.*, ¶ 9 [3:3-

28   4].)  "Once hired by Plaintiff, Defendants, and each of them, provided Plaintiff with advice and counsel

over the phone on how to collect samples from the two potential fathers and how to submit them to their facility for testing." (*Id.*, ¶ 10 [3:7-9].)  Plaintiff allegedly "complied with all of Defendants' requests, retrieved DNA samples from each potential father, and timely forwarded them to Defendants' laboratory." (*Id.*, ¶ 10 [3:9-10].)  Thereafter, an employee of Defendants alleged advised that "Man B" was supposedly the father of Plaintiff's child. (*Id.*, ¶ 11 [3:11-19].)  "Plaintiff's daughter was born on June 23, 2014" and "Plaintiff came to suspect that Man B was *not* the father of her newborn child." (*Id.*, ¶ 13 [4:3-5].)  Plaintiff then "sought out testing at a different paternity laboratory [which purportedly] confirmed her feeling that Man B was not the father." (*Id.*, ¶ 13 [4:5-6].)

The uncertainty as to which man fathered her child alleged caused Plaintiff severe emotional distress. (*Id.*, ¶¶ 16, 18, 21, 25.)  Based on this alleged harm, Plaintiff seeks compensatory damages and restitution as well as exemplary and punitive damages, interest and attorney fees. (*Id.*, Prayer [8:5-9:1].)  The latter three—exemplary and punitive damages, interest and attorney fees—are unsupported by the allegations and Defendants request that they be stricken.

## III.   ARGUMENT

The Code of Civil Procedure allows a motion to strike where the pleadings contain "irrelevant, false or improper matter." (Code of Civ. Proc. § 436(a).)  Irrelevant matter includes, *inter alia*, allegations not supported by an "otherwise sufficient claim" or prayer "requesting relief not supported by the allegations of the complaint." (Code of Civ. Proc. § 431.10(b).)  Thus, a "motion to strike can also be used to attack claims for damages that are <u>not</u> supported by cause of action pleaded." (Weil & Brown, Cal. Practice Guide:  Civil Proc. Before Trial (TRG 2014) ¶ 7:182.)  Claims for damages are "irrelevant" and should be stricken where the demand for judgment "requesting relief [is] not supported by the allegations of the complaint." (See Code of Civ. Proc. §§ 436 and 431.10(b).)

### A.   PLAINTIFF'S CLAIMS FOR <u>EXEMPLARY AND PUNITIVE DAMAGES</u> SHOULD BE STRICKEN

In her complaint, Plaintiff seeks "exemplary and punitive damages." (Complaint, Prayer, ¶ B [8:9-10].)  Claims for punitive damages should be stricken where not supported nor otherwise recoverable as a matter of law. (Weil & Brown, ¶ 7:185-186.)  In fact, "[b]**ecause of the higher burden of proof at trial [for punitive damages] ("clear and convincing evidence" of "despicable conduct,"**

1 **etc.), judges often strike claims for which punitive damages are not clearly authorized.  I.e.,**

2 **"innovative" and "imaginative" theories are less likely to be allowed."**  (*Id.* at ¶ 7:188 (emphasis

3 added), citing *Woolstrum v. Mailloux* (1983) 141 Cal.App.3d Supp. 1, 11.)

4 In order to maintain a claim of punitive damages, a plaintiff must allege facts showing that the

5 defendant acted with "**an intent to vex, annoy or injure.**"  (*Ebaugh v. Rabkin* (1972) 22 Cal.App.3d

6 891, 894 (emphasis added); see also, Civ. Code § 3294.)  Here, at best, there was negligence in the

7 testing or the transmission of the testing results according to the allegations.  (Complaint, ¶¶ 9-14.)  A

8 plaintiff **cannot** recover punitive damages based on a defendant's ordinary negligence.   (See *Emerson v.*

9 *J.F. Shea Co.* (1978) 76 Cal.App.3d 579, 589 (in "cases of ordinary negligence … no punitive damages

10 are recoverable"); *Cobb v. Lawrence* (1942) 4 Cal.App.2d 630, 636 ("to authorize the recovery of

11 exemplary or punitive damages, the negligence complained of must be of "a gross and flagrant character,

12 evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects, or

13 there is that entire want of care which would raise the presumption of a conscious indifference to

14 consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety

15 and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an

16 intentional violation of them").)

17 Accordingly, Plaintiff's request for punitive and exemplary damages fails as a matter of law.

18 **B.      PLAINTIFF'S CLAIMS FOR <u>INTEREST</u> SHOULD BE STRICKEN**

19 Civil Code section 3287 provides, in part, that "[e]very person who is entitled to recover <u>damages</u>

20 <u>certain, or capable of being made certain by calculation,</u> and the right to recover which is vested in him

21 upon a particular day, is entitled also to recover interest thereon from that day."  (Emphasis added.)

22 Thus, "<u>prejudgment interest is awarded only when the sum is liquidated within the meaning of the</u>

23 <u>statute.</u>"  (*Fireman's Fund Ins. Co. v. Allstate Ins. Co.* (1991) 234 Cal.App.3d 1154, 1172–73, citing

24 *Coleman Engineering Co. v. North American Aviation, Inc.* (1966) 65 Cal.2d 396, 407.)  "Damages are

25 deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287

26 where there is essentially no dispute between the parties concerning the basis of computation of damages

27 if any are recoverable but where their dispute centers on the issue of liability giving rise to damage."

28 (*Id.*, citing, inter alia, *Esgro Central, Inc. v. General Ins. Co.* (1971) 20 Cal.App.3d 1054, 1060.)

"The statute does <u>not</u> authorize prejudgment interest where the amount of damage, as opposed to the determination of liability, 'depends upon a judicial determination based upon conflicting evidence and is not ascertainable from truthful data supplied by the claimant to his debtor.'" (*Id.* [emphasis added], citing *Esgro*, *supra*, at 1062.) "[T]he certainty requirement of [Civil Code] section 3287, subdivision (a) has been reduced to two tests: (1) whether the debtor knows the amount owed or (2) whether the debtor would be able to compute the damages." (*Id.*, quoting *Hartford Accident & Indemnity Co. v. Sequoia Ins. Co.* (1989) 211 Cal.App.3d 1285, 1307 and *Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 434–435.)

Here, according to the complaint, Plaintiff seeks compensation for alleged "severe emotional distress, mental distress, shock, feelings of despair and helplessness, anxiety, frustration, humiliation and indignity in a sum within the jurisdiction of this court and to be shown according to proof." (See Complaint, ¶ 18 [5:9-14], ¶ 21 [5:23-6:4], ¶ 25 [6:16-20].) These alleged damages are <u>not</u> "liquidated"— i.e., Defendants do <u>not</u> know the amount thereof and Defendants cannot readily calculate the sum thereof. (See *Fireman's Fund Ins. Co.*, 234 Cal.App.3d at 1172–73, *Hartford Accident & Indemnity Co.*, 211 Cal.App.3d at 1307 and *Polster, Inc. v. Swing*, 164 Cal.App.3d at 434–435.) Accordingly, Plaintiff is <u>not</u> entitled to interest on such alleged damages.

## C.   PLAINTIFF'S CLAIMS FOR <u>ATTORNEY FEES</u> SHOULD BE STRICKEN

Claims for attorney fees are subject to motion to strike. (Weil & Brown at ¶ 7:183.) Attorney fees are only recoverable when authorized by contract, statute or law. (See Code of Civ. Proc. § 1033.5(a)(10); *Real Property Services Corp. v. City of Pasadena* (1994) 25 Cal.App.4th 375, 379 (attorney fees only if "expressly authorized by statute or contract"); *Genis v. Krasne* (1956) 47 Cal.2d 241, 246 (where not otherwise authorized by statute, "attorneys' fees recoverable only by virtue of contract"). Where there is not a statutory right to attorney fees, "[s]uch fees [are not permitted] <u>without pleading and proof (or admission) that there is a contract provision for them</u>." (*Genis*, 47 Cal.2d at 246.)

Additionally, a plaintiff may not simply make conclusory allegations regarding a right to recovery attorney fees. "If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452,

458-59.)

Here, although Plaintiff alleges a breach of contract and seeks attorney fees, she has failed to allege any statutory or contractual basis for such fees and, importantly, none exists.  As held in *Genis*, where there is no statutory right to attorney fees, as here, a plaintiff must plead "that there is a contract provision for them."  (*Ibid.*)  Plaintiff, however, has failed to make any such allegation as required.  (Complaint, *passim*.)  Worse yet, in an apparent attempt to gloss over the issue, Plaintiff has failed to attach the alleged contract or quote verbatim therefrom any language which would entitle her to the recovery of attorney fees.

Accordingly, Plaintiff's claim for attorney fees should be stricken.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiffs' claims for exemplary and punitive damages (Complaint, Prayer, ¶ B of the First and Second Causes of Action [8:9-10]), claims for interest (Complaint, Prayer, ¶ C of First and Second Causes of Action [8:11], ¶ B of the Third Cause of Action [8:16], and ¶ C of the Fourth and Fifth Causes of Action [8:22]), and, claims for attorney fees and costs (Complaint, Prayer, ¶ D of the First and Second Causes of Action [8:12], ¶ C of the Third Cause of Action) [8:17], and ¶ D of the Fourth and Fifth Causes of Action [8:23]).

Dated:  August 12, 2016                    LAW OFFICES OF SEAN PONIST, P.C.

By: _____
       Sean E. Ponist

Attorneys for Defendants
Viaguard Accu-Metrics, Viaguard Prenatal
Paternity Testing Division and Harten Resources,
Inc.

EXHIBIT G

**EXHIBIT G**



1    Sean E. Ponist (SBN 204712)
     sponist@ponistlaw.com
2    Georgia Z. Schneider (SBN 251258)
     gschneider@gmail.com
3    LAW OFFICES OF SEAN PONIST, P.C.
     12526 High Bluff Drive, Suite 300
4    San Diego, CA 92130
     sponist@ponistlaw.com
5    (858) 412-1211 (T)
     (888) 350-5442 (F)
6
7    Attorneys for Defendants
     Viaguard Accu-Metrics, Viaguard Prenatal Paternity
     Testing Division and Harten Resources, Inc.
8
9                    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

                              COUNTY OF ALAMEDA
10

11   Sarah Domenico,                          Case No. RG16820823

12           Plaintiff,                       Assigned to the Hon. Stephen M. Pulido

13   vs.                                      **DEFENDANTS' REQUEST FOR JUDICIAL**
                                              **NOTICE IN SUPPORT OF MOTION TO**
14                                            **STRIKE**
     Viaguard Accu-Metrics, Viaguard Prenatal
15   Paternity Testing Division, Harten Resources, Inc.,   Date:  September 13, 2016
     and DOES 1 to 10 INCLUSIVE.             Time:  3:00 p.m.
16                                            Dept.: 16
             Defendants.
17                                            Reservation #R-1771662

18                                            Action Filed:  June 23, 2015
                                              Trial Date:  None Set
19

20

21

22

23

24

25

26

27

28



Case No. RG16820823                          1
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO STRIKE

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 2 2016

CLERK OF THE SUPERIOR COURT
By _____
                              Deputy

1

**REQUEST FOR JUDICIAL NOTICE**

2        Defendants Viaguard Accu-Metrics, Viaguard Prenatal Paternity Testing Division, Harten

3    Resources, Inc., ("Defendants") request, pursuant to Evidence Code section 452(d), that judicial notice

4    be taken of the complaint filed on June 23, 2016 by Sarah Domenico, a copy of which is attached hereto

5    as Exhibit 1 for the Court's reference.

6

7    Dated:  August 12, 2016                  LAW OFFICES OF SEAN PONIST, P.C.

8

9                                    By: _____
                                    Sean E. Ponist

10

11                                   Attorneys for Defendants
                                Viaguard Accu-Metrics, Viaguard Prenatal
                                Paternity Testing Division and Harten Resources,

12                                   Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

**EXHIBIT 1**

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 3 2016

CLERK OF THE SUPERIOR COURT
By_____
Deputy

1   John Robert Unruh SBN 254662
    Unruh Law, P.C.
2   100 Pine Street, Suite 1250
    San Francisco, CA 94111
3   415-335-6417
    john@jru-law.com

4   Attorney for Plaintiff
    SARAH DOMENICO

5

6           IN THE SUPERIOR COURT OF CALIFORNIA

7             FOR THE COUNTY OF ALAMEDA

                               16820823

8   SARAH DOMENICO,        ) Case No.: RG

9         Plaintiff,         ) COMPLAINT FOR DAMAGES

10       v.               ) (Unlimited Civil)

11   VIAGUARD ACCU-METRICS,    )   1. Intentional Infliction of Emotional
    VIAGUARD PRENATAL PATERNITY  )      Distress
12   TESTING DIVISION, HARTEN     )   2. Negligent Infliction of Emotional
    RESOURCES, INC., and DOES 1 to 10  )      Distress
13   INCULSIVE,             )   3. Breach of Contract
                              )   4. Unfair Business Practice
14         Defendants.       )   5. False Advertising

15   Plaintiff, SARAH DOMENICO, alleges as follows:

16

17   **I.  GENERAL ALLEGATIONS**

18   1.     At all times relevant to this Complaint Plaintiff, SARAH DOMENICO (hereafter "Plaintiff")

19   was a resident of Alameda County, California.

20   2.     At all times relevant to this Complaint Defendant, VIAGUARD ACCU-METRICS was a

21   business and/or a corporation organized under the laws of the province of Ontario, Canada and

22   actually doing business in California within the County of Alameda.

23   //

24   //

                            - 1 -
                  COMPLAINT FOR DAMAGES

**BY FAX**

3.      At all times relevant to this Complaint Defendant, VIAGUARD PRENATAL PATERNITY TESTING DIVISION was a business and/or a corporation organized under the laws of the province of Ontario, Canada and actually doing business in California within the County of Alameda.

4.      At all times relevant to this Complaint, Defendant HARTEN RESOURCES INC. was a corporation organized under the laws of the province of Ontario, Canada and actually doing business in California within the County of Alameda.

5.      The true names and capacities of Defendants sued herein as Does 1 through 10, and each of them, is unknown and therefore Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant is negligent or otherwise responsible in some manner for the occurrences alleged in this Complaint and that Plaintiff's injuries and damages were legally caused by Defendants' negligence or other conduct.

6.      At all times herein mentioned each of the Defendants was the agent and/or employee to each of the remaining Defendants, each of the Defendants was acting within the course and scope of this agency and employment, and each of the other remaining Defendants has ratified and approved the acts of its agent.

7.      At all times relevant herein, Defendants, and each of them, provided various testing services to the general public throughout all of North America, including, but not limited to, DNA paternity testing. Defendants, and each of them, advertise to the public throughout all of North America that they provide clinically precise forensic services, including, but not limited to, DNA paternity testing and that they have 2,500 collection centers throughout all of North America.

8.      Sometime in late 2013, Plaintiff, while pregnant, began a search for a paternity testing service that could assist her in the determination of the biological father of her unborn child. Plaintiff

1   conducted an extensive search for potential vendors of paternity testing services on the internet and,

2   during the course of this search, reviewed and considered many different services.

3   9.      On or around November 2013 through the beginning of 2014, Plaintiff engaged Defendants,

4   and each of them, to provide the paternity testing services she was in need of. Plaintiff chose

5   Defendants, and each of them, in part based on the representations of accuracy and expertise made

6   by Defendants, and each of them, on Defendants' website(s).

7   10.     Once hired by Plaintiff, Defendants, and each of them, provided Plaintiff with advice and

8   counsel over the phone on how to collect samples from the two potential fathers and how to submit

9   them to their facility for testing. Plaintiff complied with all of Defendants' requests, retrieved DNA

10  samples from each potential father, and timely forwarded them to Defendants' laboratory.

11  11.     Shortly thereafter, an employee and/or agent (hereafter "Doe 1") of Defendants told Plaintiff

12  on the phone that the sample for one potential father (hereafter "Man A") was inconclusive and the

13  sample was positive for the other potential father (hereafter "Man B"). Due to the one inconclusive

14  result, Plaintiff submitted to Defendants an additional new sample from Man A. Plaintiff was

15  informed by Defendants, and each of them, that they tested the new sample from Man A. Again,

16  Defendants informed Plaintiff that Man A's result was inconclusive. Defendants, and each of them,

17  informed Plaintiff that they did not retest Man B's sample because "positive results do not change."

18  After the second results, Plaintiff determined that Man B must be the father since his results were

19  twice found to be positive.

20  12.     At and around this time, Plaintiff was living with Man A on the belief that he was the father

21  of the unborn child. After paternity tests by Defendants twice indicated Man B was the father,

22  Plaintiff told Man A about Man B and stated that Man B was the father of the unborn child. As a

23

24

- 3 -
COMPLAINT FOR DAMAGES

1  result of this disclosure, Plaintiff left Man A's home and experienced a period of homelessness that

2  lasted up until around early June 2014.

3  13.    Plaintiff's daughter was born on June 23, 2014. Soon thereafter, Plaintiff came to suspect that

4  Man B was *not* the father of her newborn child and so Plaintiff and Man B sought out additional

5  testing at a different paternity laboratory. The new results confirmed her feelings that Man B was not

6  the father as Defendants, and each of them, had *twice* stated to Plaintiff.  Plaintiff promptly called

7  Defendants to relay this information. Shockingly, Doe 1 told Plaintiff "you did this to yourself."

8  14.    After concluding by reason of deduction that Man A must be the true father of her child,

9  Plaintiff reached out to him in an attempt at reconciliation. Man A was incredulous at the news that

10  he was the father. In an attempt to assuage his disbelief, Plaintiff arranged a call with Defendants,

11  and each of them, so that Man A could learn that Plaintiff really was twice informed that Man B was

12  the father and that Man A's results were inconclusive. Unfortunately, when the conference call

13  between Defendants, Plaintiff and Man A occurred, Doe 1 stated that Plaintiff was "lying". This was

14  patently false and further inflamed Man A's incredulity of the situation causing Plaintiff great

15  emotional stress and harm.

16  15.    Shortly thereafter, Plaintiff pleaded with Man A to go to a new paternity testing facility with

17  her so that Man A could learn that he was in fact the father of the child. After considerable effort and

18  time spent by Plaintiff, Man A relented and went in for testing, the results confirming that he was the

19  father of Plaintiff's newborn child.

20  16.    The facts discussed herein caused and continue to cause Plaintiff considerable emotional

21  distress, humiliation, pain and suffering. Moreover, Plaintiff has spent significant sums of money to

22  attempt to undo the harmful and far reaching negative effects and impact of Defendants', and each of

23  their, erroneous results and other acts and omissions. Plaintiff has, *inter alia,* had to pay out-of-

24

1   pocket for private therapy sessions with Man A to repair the damage caused by the false paternity

2   claims, and there are multiple additional on-going costs. This ordeal has also negatively impacted

3   Plaintiff's ability to both work and care for her young daughter.

**PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

17.     Plaintiff hereby incorporates by reference paragraphs 1 through 16 above as if set forth in full

herein.

18.     Defendants, and each of them, acted negligently, maliciously and recklessly with regard to

Plaintiff in the performance of the paternity testing services described herein. As a direct and

proximate result of the intentional, malicious, harmful, unlawful and offensive acts of Defendants, as

aforesaid, Plaintiff sustained severe and serious injury to her person, including but not limited to

severe emotional distress, mental distress, shock, feelings of despair and helplessness, anxiety,

frustration, humiliation and indignity in a sum within the jurisdiction of this court and to be shown

according to proof.

19.     By reason of the foregoing, Plaintiff was required to employ the services of hospitals,

physicians, phycologists, mental health experts, laboratories, and other professional services that she

otherwise would have avoided but for Defendants', and each of their, negligence. Plaintiff incurred

significant expenses for these services.

**PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS:**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

20.     Plaintiff hereby incorporates by reference paragraphs 1 through 19 above as if set forth in full

herein.

21.     Defendants, and each of them, acted negligently and recklessly with regard to Plaintiff in the

performance of the paternity testing services described herein. As a direct and proximate result of the

acts and omissions of Defendants, as aforesaid, Plaintiff sustained severe and serious injury to her person, including but not limited to severe emotional distress, mental distress, shock, feelings of despair and helplessness, anxiety, frustration, humiliation and indignity in a sum within the jurisdiction of this court and to be shown according to proof.

22.     By reason of the foregoing, Plaintiff was required to employ the services of hospitals, physicians, phycologists, mental health experts, laboratories, and other professional services that she otherwise would have avoided but for Defendants', and each of their, negligence. Plaintiff incurred significant expenses for these services.

## PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS: BREACH OF CONTRACT

23.     Plaintiff hereby incorporates by reference paragraphs 1 through 22 above as if set forth in full herein.

24.     Defendants, and each of them, breached their obligation under their contracts with Plaintiff in that they failed to adequately perform the services Plaintiff bargained for when she engaged Defendants, and each of them, to perform paternity testing services.

25.     As a direct and proximate result of the acts and omissions of Defendants, as aforesaid, Plaintiff sustained severe and serious injury to her person, including but not limited to severe emotional distress, mental distress, shock, feelings of despair and helplessness, anxiety, frustration, humiliation and indignity in a sum within the jurisdiction of this court and to be shown according to proof.

26.     By reason of the foregoing, Plaintiff was required to employ the services of hospitals, physicians, phycologists, mental health experts, laboratories, and other professional services that she otherwise would have avoided but for Defendants', and each of their, negligence. Plaintiff incurred significant expenses for these services.

**PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS:**
**UNFAIR COMPETITION UNDER BUSINESS AND PROFESSIONS CODE §17200**

27.     Plaintiff hereby incorporates by reference paragraphs 1 through 26 above as if set forth in full herein.

28.     The conduct of Defendants, and each of them, is part of a general business practice that constitutes an unfair and fraudulent business practice within the meaning of Business & Professions Code section 17200. Accordingly, Plaintiff is entitled to restitution of all funds paid to Defendants, and each of them, by her.

29.     By reason of the foregoing, Plaintiff was required to employ the services of hospitals, physicians, phycologists, mental health experts, laboratories, and other professional services that she otherwise would have avoided but for Defendants', and each of their, negligence. Plaintiff incurred significant expenses for these services.

**PLAINTIFF'S FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS:**
**FALSE ADVERTISING UNDER BUSINESS AND PROFESSIONS CODE §17500**

30.     Plaintiff hereby incorporates by reference paragraphs 1 through 29 above as if set forth in full herein.

31.     Fraudulent, misleading and deceptive advertising of Defendants, and each of them, as described herein are part of a general business practice that constitutes a false advertising within the meaning of Business & Professions Code section 17500. Defendants, and each of them, knew or should have known that various statements and/or advertisements made by them were untrue and/or misleading.

32.     Plaintiff justifiably relied on said statements and advertisements of Defendants, and each of them, and as a direct result of her reliance on said statements was deceived and suffered harm. By reason of the foregoing, Plaintiff was required to employ the services of hospitals, physicians,

1   phycologists, mental health experts, laboratories, and other professional services that she otherwise

2   would have avoided but for Defendants', and each of their, negligence. Plaintiff incurred significant

3   expenses for these services. Accordingly, Plaintiff is entitled to restitution of all funds paid to

4   Defendants, and each of them, by her.

5   **II.      PRAYER FOR RELIEF**

6   WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

7   FIRST AND SECOND CAUSE OF ACTION

8   A.   For compensatory damages in an amount according to proof;

9   B.   For exemplary and punitive damages in a sum sufficient to punish and make an example of

10   Defendants, and each of them, in an amount according to proof;

11   C.   For the interest provided by law;

12   D.   For an award of reasonable attorney's fees and costs incurred; and

13   E.   All other relief the Court deems just and proper.

14   THIRD CAUSE OF ACTION

15   A.   For compensatory damages in an amount according to proof;

16   B.   For the interest provided by law;

17   C.   For an award of reasonable attorney's fees and costs incurred; and

18   D.   All other relief the Court deems just and proper.

19   FOURTH AND FIFTH CAUSE OF ACTION

20   A.   For restitution in an amount according to proof;

21   B.   For civil penalties where available by statute;

22   C.   For the interest provided by law;

23   D.   For an award of reasonable attorney's fees and costs incurred; and

24

1    E.   All other relief the Court deems just and proper

2    Date:  June 23, 2016                          Respectfully submitted,

3                                                  UNRUH LAW, P.C.

4

5                                                  _____
                                                   John Robert Unruh
6                                                  Attorney for SARAH DOMENICO

7                        **DEMAND FOR A JURY TRIAL**

8    PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

9

10   Dated:  June 23, 2016                         _____
                                                   John Robert Unruh
11                                                 Attorney for SARAH DOMENICO

12

13

14

15

16

17

18

19

20

21

22

23

24

---

EXHIBIT H

**EXHIBIT H**

COPY

1 | Sean E. Ponist (SBN 204712)
sponist@ponistlaw.com
2 | Georgia Z. Schneider (SBN 251258)
gschneider@gmail.com
3 | LAW OFFICES OF SEAN PONIST, P.C.
12526 High Bluff Drive, Suite 300
4 | San Diego, CA 92130
sponist@ponistlaw.com
5 | (858) 412-1211 (T)
(888) 350-5442 (F)
6
7 | Attorneys for Defendants
Harten Resources, Inc, Viaguard Prenatal Paternity
Testing Division and Viaguard Accu-Metrics
8

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 2 2016

CLERK OF THE SUPERIOR COURT
By _____
Deputy

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ALAMEDA

| | |
|---|---|
| Sarah Domenico,<br><br>           Plaintiff,<br><br>vs.<br><br>Viaguard Accu-Metrics, Viaguard Prenatal Paternity Testing Division, Harten Resources, Inc., and DOES 1 to 10 INCLUSIVE.<br><br>           Defendants. | Case No. RG16820823<br><br>**PROOF OF SERVICE** |

At the time of service I was over 18 years of age and not a party to this action. My business address is 12526 High Bluff Drive, Suite 300, San Diego, CA 92130. On August 12, 2016, I served the following documents:

- Defendants' Notice of Motion and Motion to Strike
- Defendants' Request for Judicial Notice in Support of Motion to Strike

I served the foregoing documents on the persons below, as follows:

John Robert Unruh
Unruh Law, P.C.
100 Pine Street, Suite 1250
San Francisco, CA 94111
john@jru-law.com

The documents were served by the following means:

FAXED

Case No. RG16820823                    1

1

2
\_\_\_\_\_   By personal service.  I personally delivered the documents to the persons at the addresses listed above.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's

3
office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the

4
morning and five in the evening.  (2) For a party, delivery was made between the hours of eight in the morning and six in the evening.

5
✗   By United States mail.  I enclosed the documents in a sealed envelope or package addressed to

6
the persons at the addresses listed above and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid. I am a resident or employed in the county where the mailing

7
occurred.  The envelope or package was placed in the mail at San Diego, California.

8
\_\_\_\_\_   By overnight delivery.  I enclosed the documents in a sealed envelope or package provided by an overnight delivery carrier and addressed to the persons listed above.  I placed the envelope or package for

9
collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

10
\_\_\_\_\_   By messenger service.  I served the documents by placing them in an envelope or package

11
addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.  (Please find the Proof of Service attached by the messenger attached hereto or the

12
signed Declaration of Messenger below.)

13
\_\_\_\_\_   By fax transmission.  Based on the agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above.  No error was reported by the fax

14
machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached.

15
\_\_\_\_\_   By electronic service.  Based on court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed above.

16
I did not receive any electronic message or other indication that the transmission was unsuccessful.

17
     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19
Date:  August 12, 2016

20
_____
                                                                     Sean E. Ponist

21

22

23

24

25

26

27

28

EXHIBIT I

**EXHIBIT I**

ENDORSED
FILED
ALAMEDA COUNTY

AUG 2 6 2016

CLERK OF THE SUPERIOR COURT
By _____
JAMIE THOMAS, Deputy

1  Sean E. Ponist (SBN 204712)
   sponist@ponistlaw.com
2  Georgia Z. Schneider (SBN 251358)
   gschneider@gmail.com
3  LAW OFFICES OF SEAN PONIST, P.C.
   12526 High Bluff Drive, Suite 300
4  San Diego, CA 92130
   (858) 412-1211 (T)
5  (888) 350-5442 (F)

6  Attorneys for Defendants
   Viaguard Accu-Metrics, Viaguard Prenatal Paternity
7  Testing Division and Harten Resources, Inc.

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF ALAMEDA

10
   Sarah Domenico,                          Case No. RG16820823
11
          Plaintiff,                        Assigned to the Hon. Stephen M. Pulido
12
   vs.                                      **DEFENDANTS' AMENDED NOTICE OF
13                                          MOTION TO STRIKE; PROOF OF SERVICE**

14 Viaguard Accu-Metrics, Viaguard Prenatal  Date:  October 4, 2016
   Paternity Testing Division, Harten Resources, Inc.,  Time:  3:00 p.m.
15 and DOES 1 to 10 INCLUSIVE.              Dept.:  16

16        Defendants.                        Reservation #R-1771662

17                                          Action Filed:  June 23, 2015
                                           Trial Date:  None Set
18

19                        **AMENDED NOTICE OF MOTION**

20        **TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

21        **NOTICE IS HEREBY GIVEN THAT,** pursuant to the agreement of the parties and

22 accommodation of the Court, hearing on the Motion to Strike filed on August 12, 2016 by Defendants

23 Viaguard Accu-Metrics, Viaguard Prenatal Paternity Testing Division and Harten Resources, Inc.

24 (collectively, "Harten" or "Defendants"), and originally scheduled to be heard on September 13, 2016,

25 shall now be heard on October 4, 2016 at 3 p.m., or as soon thereafter as this matter may be heard in

26 Department 16 of the above-referenced court, Administration Building, 1221 Oak Street, Oakland,

27 California 94612.  Through said motion, Defendants move to strike portions of the Complaint of Plaintiff

28 Sarah Domenico ("Domenico" or "Plaintiff") filed on or about June 23, 2016 (the "Complaint"),

COPY

FAXED

1   including:

2        ▪   All claims for exemplary and punitive damages as such are unsupported and unwarranted in

3             the context of this case (Complaint, Prayer, ¶ B of the First and Second Causes of Action

4             [8:9-10]);

5        ▪   All claims for interest as such are unsupported and impermissible in the context of this case

6             (Complaint, Prayer, ¶ C of the First and Second Causes of Action [8:11], ¶ B of the Third

7             Cause of Action [8:16], and ¶ C of the Fourth and Fifth Causes of Action [8:22]);

8        ▪   All claims for attorney fees and costs as such are neither supported by statute nor contract

9             (Complaint, Prayer, ¶ D of the First and Second Causes of Action [8:12], ¶ C of the Third

10            Cause of Action [8:17], and ¶ D of the Fourth and Fifth Causes of Action [8:23]).

11        The Motion to Strike will be based on this Amended Notice of Motion, the Notice of Motion and

12  Motion, the Points and Authorities in Support thereof, the Request for Judicial Notice, the records and

13  files in this action, and upon further argument as may be presented prior to or at the time of hearing on

14  this Motion to Strike.

15

16  Dated:  August 26, 2016                  LAW OFFICES OF SEAN PONIST, P.C.

17

18                                By: _____

19                                    Sean E. Ponist

20                           Attorneys for Defendants
                               Viaguard Accu-Metrics, Viaguard Prenatal

21                           Paternity Testing Division and Harten Resources,
                               Inc.

22

23

24

25

26

27

28

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. My business address is 12526 High Bluff Drive, Suite 300, San Diego, CA 92130. On August 26, 2016, I served the instant paper(s) on the persons below, as follows:

John Robert Unruh
Unruh Law, P.C.
100 Pine Street, Suite 1250
San Francisco, CA 94111
john@jru-law.com

The documents were served by the following means:

\_\_\_\_\_ By personal service. I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made between the hours of eight in the morning and six in the evening.

✕ By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Diego, California.

\_\_\_\_\_ By overnight delivery. I enclosed the documents in a sealed envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

\_\_\_\_\_ By messenger service. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service. (Please find the Proof of Service attached by the messenger attached hereto or the signed Declaration of Messenger below.)

\_\_\_\_\_ By fax transmission. Based on the agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

\_\_\_\_\_ By electronic service. Based on court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed above. I did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 26, 2016

Sean E. Ponist