Sean E. Ponist (SBN 204712)
sponist@ponistlaw.com
Georgia Z. Schneider (SBN 251358)
gschneider@ponistlaw.com
PONIST LAW GROUP, P.C.
12626 High Bluff Drive, Suite 440
San Diego, CA 92130
sponist@ponistlaw.com
(858) 412-1211 (T)
(888) 350-5442 (F)

Attorneys for Defendants
Viaguard Accu-Metrics, Viaguard Prenatal Paternity
Testing Division and Harten Resources, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sarah Domenico,<br><br>          Plaintiff,<br><br>vs.<br><br>Viaguard Accu-Metrics, Viaguard Prenatal Paternity Testing Division, Harten Resources, Inc., and DOES 1 to 10 INCLUSIVE.<br><br>          Defendants. | Case No. 4:16-cv-05321-JSW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES [FRCP 12(b)(6)]**<br><br>Hearing Date:  April 21, 2017<br>Time of Hearing:  9:00 a.m.<br><br>Judge:          Jeffrey S. White<br>Courtroom:  Courtroom 5, 2nd Floor<br>                    1301 Clay Street<br>                    Oakland, CA 94612<br>Trial Date:    None Set |

## <u>NOTICE OF MOTION AND MOTION</u>

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN THAT** on April 21, 2017, at or about 9:00 a.m., or as soon

thereafter as this matter may be heard in Courtroom 5 of the above-referenced Court, located at 1301

Clay Street, Oakland, California 94612, Defendants Viaguard Accu-Metrics, Viaguard Prenatal Paternity

Testing Division and Harten Resources, Inc. (collectively, "Harten" or "Defendants"), will, and hereby

do, move to dismiss certain claims set forth in the Complaint of Plaintiff Sarah Domenico ("Domenico"

or "Plaintiff"), filed on or about June 23, 2016 (the "Complaint").

Harten moves to dismiss the following claims set forth in Plaintiff's Complaint:

▪ All claims for exemplary and punitive damages as such are unsupported and unwarranted in

1   the context of this case (Complaint, Prayer, ¶ B of the First and Second Causes of Action

2   [8:9-10]);

3   ▪ All claims for interest as such are unsupported and impermissible in the context of this case

4   (Complaint, Prayer, ¶ C of the First and Second Causes of Action [8:11], ¶ B of the Third

5   Cause of Action [8:16], and ¶ C of the Fourth and Fifth Causes of Action [8:22]);

6   ▪ All claims for attorney fees and costs as such are neither supported by statute nor contract

7   (Complaint, Prayer, ¶ D of the First and Second Causes of Action [8:12], ¶ C of the Third

8   Cause of Action [8:17], and ¶ D of the Fourth and Fifth Causes of Action [8:23]).

9   This Motion to Dismiss is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

10  and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and

11  Authorities in Support thereof, the Request for Judicial Notice and the records and files in this action, and

12  upon further argument as may be presented prior to or at the time of hearing on this Motion to Dismiss.

13

14  Dated:  February 21, 2017                                    PONIST LAW GROUP, P.C.

15                                                              By: /s/ Sean E. Ponist
                                                                    Sean E. Ponist
16

17                                                              Attorneys for Defendants
                                                                Viaguard Accu-Metrics, Viaguard Prenatal
18                                                              Paternity Testing Division and Harten Resources,
                                                                Inc.

19

20

21

22

23

24

25

26

27

28

1

**STATEMENT OF THE ISSUES TO BE DECIDED**

2    1.    Has Plaintiff stated a claim upon which relief can be granted for exemplary and punitive

3    damages?

4    2.    Has Plaintiff stated a claim upon which relief can be granted for interest?

5    3.    Has Plaintiff stated a claim upon which relief can be granted for attorney fees and costs?

6

**MEMORANDUM OF POINTS AND AUTHORITIES**

7    **I.    INTRODUCTION**

8    The Complaint essentially alleges that Plaintiff, unsure of the identity of the father of her child,

9    engaged the services of Defendants to perform DNA/paternity testing.  According to the Complaint,

10    Plaintiff, a layperson with no experience in collecting DNA samples, nonetheless properly,

11    surreptitiously collected such samples from the potential fathers, properly maintained custody of the

12    samples, and properly submitted the samples for testing to Defendants' laboratory.  Defendants, who

13    specialize in DNA testing services, nonetheless allegedly somehow improperly tested the samples or

14    otherwise improperly reported the results of the samples provided by Plaintiff.  This lawsuit follows and

15    Plaintiff seeks, *inter alia*, exemplary and punitive damages, interest, and attorney fees, none of which are

16    supported by the allegations or otherwise under the law.

17    *First*, exemplary and punitive damages require the intent to annoy, vex, harass or other egregious

18    behavior.  Here, however, even if the allegations are assumed to be true, as they must be at this stage,

19    Defendants' conduct could amount to nothing more than simple negligence and, as such, does <u>not</u>

20    support punitive damages.

21    *Second*, interest is only allowed on liquidated damages, i.e., damages which are certain or readily

22    capable of certainty through simple addition.  Here, however, Plaintiff seeks damages for emotional

23    distress which are <u>not</u> certain and, accordingly, Plaintiff is <u>not</u> entitled to interest.

24    *Last*, a litigant is only entitled to attorney fees where authorized by statute or contract.  Here,

25    Plaintiff fails to allege a basis for either in support of her claim for attorney fees and, in fact, no basis

26    exists.  Accordingly, Plaintiff's claim for attorney fees fails as a matter of law.

27    Based on the deficiencies in the Complaint and the arguments set forth herein, Defendants

28    respectfully request that the Court grant their Motion to Dismiss with prejudice.

## II.      STATEMENT OF FACTS

According to the Complaint, "Defendants, and each of them, provided various testing services to the general public throughout all of North America, including, but not limited to, DNA paternity testing." (Complaint, ¶ 7 [2:17-19].)  "On or around November 2013 through the beginning of 2014, Plaintiff engaged Defendants, and each of them, to provide the [subject] paternity testing services."  (*Id.*, ¶ 9 [3:3-4].)  "Once hired by Plaintiff, Defendants, and each of them, provided Plaintiff with advice and counsel over the phone on how to collect samples from the two potential fathers and how to submit them to their facility for testing."  (*Id.*, ¶ 10 [3:7-9].)  Plaintiff allegedly "complied with all of Defendants' requests, retrieved DNA samples from each potential father, and timely forwarded them to Defendants' laboratory."  (*Id.*, ¶ 10 [3:9-10].)  Thereafter, an employee of Defendants allegedly advised Plaintiff that "Man B" was supposedly the father of Plaintiff's child.  (*Id.*, ¶ 11 [3:11-19].)  "Plaintiff's daughter was born on June 23, 2014" and "Plaintiff came to suspect that Man B was *not* the father of her newborn child."  (*Id.*, ¶ 13 [4:3-5].)  Plaintiff then "sought out testing at a different paternity laboratory [which purportedly] confirmed her feeling that Man B was not the father."  (*Id.*, ¶ 13 [4:5-6].)

The uncertainty as to which man fathered her child allegedly caused Plaintiff severe emotional distress.  (*Id.*, ¶¶ 16, 18, 21, 25.)  Based on this alleged harm, Plaintiff seeks compensatory damages and restitution as well as exemplary and punitive damages, interest, and attorney fees.  (*Id.*, Prayer [8:5-9:1].)  The latter three—exemplary and punitive damages, interest, and attorney fees—are unsupported by the allegations, and Defendants request that they be dismissed.

## III.     LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss when the plaintiff has failed to state a claim upon which relief can be granted.  Fed. R. Civ. Proc., Rule 12(b)(6).  Such a motion is appropriate where, as here, no legal basis for a claim for damages exists.  See *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010).  When deciding a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  "'However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.'"  *Cholla Ready Mix,*

Case No. 4:16-cv-05321-JSW                                 4

1   *Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), quoting *Clegg v. Cult Awareness Network*, 18 F.3d 752,

2   754-55 (9th Cir. 1994).  Only a "plausible claim for relief" may survive a motion to dismiss.  See

3   *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Because Plaintiff's claims for exemplary and punitive

4   damages, interest, and attorney fees do not and cannot satisfy this fundamental standard, the Court should

5   dismiss them with prejudice.

6   **IV.    ARGUMENT**

7       **A.    PLAINTIFF'S CLAIMS FOR <u>EXEMPLARY AND PUNITIVE DAMAGES</u>
    SHOULD BE DISMISSED**

8
9       In her Complaint, Plaintiff seeks "exemplary and punitive damages."  (Complaint, Prayer, ¶ B

10  [8:9-10].)  Claims for punitive damages should be dismissed where not supported nor otherwise

11  recoverable as a matter of law.  See *Diaz v. Bank of America Home Loan Servicing, L.P.*, Case No. CV

12  09-9286 PSG (MANx), 2011 WL 13046844, at *4-5 (C.D. Cal. July 8, 2011); see also Weil & Brown,

13  Cal. Practice Guide:  Civil Proc. Before Trial (TRG 2014) ¶ 7:185-186.  In fact, "[**b**]**ecause of the higher

14  burden of proof at trial [for punitive damages] ("clear and convincing evidence" of "despicable

15  conduct," etc.), judges often strike claims for which punitive damages are not clearly authorized.

16  I.e., "innovative" and "imaginative" theories are less likely to be allowed**."  *Id*. at ¶ 7:188 (emphasis

17  added), citing *Woolstrum v. Mailloux* (1983) 141 Cal.App.3d Supp. 1, 11.

18      In order to maintain a claim of punitive damages, a plaintiff must allege facts showing that the

19  defendant acted with "**an intent to vex, annoy or injure**."  *Ebaugh v. Rabkin* (1972) 22 Cal.App.3d 891,

20  894 (emphasis added); *see also* Cal. Civ. Code § 3294.  Here, at best, there was negligence in the testing

21  or the transmission of the testing results according to the allegations.  (Complaint, ¶¶ 9-14.)  A plaintiff

22  **cannot** recover punitive damages based on a defendant's ordinary negligence.  See *Emerson v. J.F. Shea

23  Co*. (1978) 76 Cal.App.3d 579, 589 (in "cases of ordinary negligence … no punitive damages are

24  recoverable"); *Cobb v. Lawrence* (1942) 54 Cal.App.2d 630, 636 ("to authorize the recovery of

25  exemplary or punitive damages, the negligence complained of must be of "a gross and flagrant character,

26  evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects, or

27  there is that entire want of care which would raise the presumption of a conscious indifference to

28  consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety

1   and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an

2   intentional violation of them").

3         Accordingly, Plaintiff's request for punitive and exemplary damages fails as a matter of law.

4   **B.     PLAINTIFF'S CLAIMS FOR <u>INTEREST</u> SHOULD BE DISMISSED**

5         California Civil Code section 3287 provides, in part, that "[e]very person who is entitled to

6   recover <u>damages certain, or capable of being made certain by calculation</u>, and the right to recover which

7   is vested in him upon a particular day, is entitled also to recover interest thereon from that day."

8   Emphasis added.  Thus, "<u>prejudgment interest is awarded only when the sum is liquidated within the</u>

9   <u>meaning of the statute</u>."  *Fireman's Fund Ins. Co. v. Allstate Ins. Co.* (1991) 234 Cal.App.3d 1154, 1172–

10   73, citing *Coleman Engineering Co. v. North American Aviation, Inc.* (1966) 65 Cal.2d 396, 407.

11   "Damages are deemed certain or capable of being made certain within the provisions of subdivision (a)

12   of section 3287 where there is essentially no dispute between the parties concerning the basis of

13   computation of damages if any are recoverable but where their dispute centers on the issue of liability

14   giving rise to damage."  *Id.*, citing, *inter alia*, *Esgro Central, Inc. v. General Ins. Co.* (1971) 20

15   Cal.App.3d 1054, 1060.

16         "The statute does <u>not</u> authorize prejudgment interest where the amount of damage, as opposed to

17   the determination of liability, 'depends upon a judicial determination based upon conflicting evidence

18   and is not ascertainable from truthful data supplied by the claimant to his debtor.'"  *Id.* (emphasis added),

19   citing *Esgro*, *supra*, at 1062.  "[T]he certainty requirement of [California Civil Code] section 3287,

20   subdivision (a) has been reduced to two tests: (1) whether the debtor knows the amount owed or (2)

21   whether the debtor would be able to compute the damages."  *Id.*, quoting *Hartford Accident & Indemnity*

22   *Co. v. Sequoia Ins. Co.* (1989) 211 Cal.App.3d 1285, 1307 and *Polster, Inc. v. Swing* (1985) 164

23   Cal.App.3d 427, 434–435.

24         Here, according to the Complaint, Plaintiff seeks compensation for alleged "severe emotional

25   distress, mental distress, shock, feelings of despair and helplessness, anxiety, frustration, humiliation and

26   indignity in a sum within the jurisdiction of this court and to be shown according to proof."  (See

27   Complaint, ¶ 18 [5:9-14], ¶ 21 [5:23-6:4], ¶ 25 [6:16-20].)  These alleged damages are <u>not</u> "liquidated"—

28   i.e., Defendants do <u>not</u> know the amount thereof and Defendants cannot readily calculate the sum thereof.

1    See *Fireman's Fund Ins. Co.*, 234 Cal.App.3d at 1172–73, *Hartford Accident & Indemnity Co.*, 211

2    Cal.App.3d at 1307 and *Polster, Inc. v. Swing*, 164 Cal.App.3d at 434–435.  Accordingly, Plaintiff is <u>not</u>

3    entitled to interest on such alleged damages.

4    **C.     PLAINTIFF'S CLAIMS FOR <u>ATTORNEY FEES</u> SHOULD BE DISMISSED**

5    Claims for attorney fees are subject to a motion to dismiss.  See *R Power Biofuels, LLC v.*

6    *Chemex LLC*, Case No. 16-CV-00716-LHK, 2016 WL 6663002, at \*21 (N.D. Cal. Nov. 11, 2016); see

7    also Weil & Brown at ¶ 7:183.  Attorney fees are only recoverable when authorized by contract, statute,

8    or law.  See Cal. Code Civ. Proc. § 1033.5(a)(10); *Real Property Services Corp. v. City of Pasadena*

9    (1994) 25 Cal.App.4th 375, 379 (attorney fees only if "expressly authorized by statute or contract");

10   *Genis v. Krasne* (1956) 47 Cal.2d 241, 246 (where not otherwise authorized by statute, "attorneys' fees

11   recoverable only by virtue of contract").  Where no statutory right to attorney fees exists, "[s]uch fees

12   [are not permitted] <u>without pleading and proof (or admission) that there is a contract provision for them</u>."

13   *Genis*, 47 Cal.2d at 246 (emphasis added).

14   Additionally, a plaintiff may not simply make conclusory allegations regarding a right to recover

15   attorney fees.  "If the action is based on an alleged breach of a written contract, the terms must be set out

16   verbatim in the body of the complaint or a copy of the written instrument must be attached and

17   incorporated by reference."  *Otworth v. Southern Pac. Transportation Co*. (1985) 166 Cal.App.3d 452,

18   458-59.

19   Here, although Plaintiff alleges a breach of contract and seeks attorney fees, she has failed to

20   allege any statutory or contractual basis for such fees and, importantly, none exists.  As held in *Genis*,

21   where there is no statutory right to attorney fees, as here, a plaintiff must plead "that there is a contract

22   provision for them."  (*Ibid*.)  Plaintiff, however, has failed to make any such allegation as required.

23   (Complaint, *passim*.)  Worse yet, in an apparent attempt to gloss over the issue, Plaintiff has failed to

24   attach the alleged contract or quote verbatim therefrom any language which would entitle her to the

25   recovery of attorney fees.

26   Accordingly, Plaintiff's claim for attorney fees should be dismissed.

27   **V.     <u>CONCLUSION</u>**

28   For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice

1  Plaintiffs' claims for exemplary and punitive damages (Complaint, Prayer, ¶ B of the First and Second

2  Causes of Action [8:9-10]), claims for interest (Complaint, Prayer, ¶ C of First and Second Causes of

3  Action [8:11], ¶ B of the Third Cause of Action [8:16], and ¶ C of the Fourth and Fifth Causes of Action

4  [8:22]), and claims for attorney fees and costs (Complaint, Prayer, ¶ D of the First and Second Causes of

5  Action [8:12], ¶ C of the Third Cause of Action) [8:17], and ¶ D of the Fourth and Fifth Causes of Action

6  [8:23]).

7

8  Dated:  February 21, 2017                                PONIST LAW GROUP, P.C.

9                                                                          By: /s/ Sean E. Ponist
                                                                               Sean E. Ponist
10

11                                                                        Attorneys for Defendants
                                                                          Viaguard Accu-Metrics, Viaguard Prenatal
12                                                                       Paternity Testing Division and Harten Resources,
                                                                          Inc.
13

14                                        **CERTIFICATE OF SERVICE**

15        On February 21, 2017, I filed the foregoing document with the court's CM/ECF file system which
    serves all parties/counsel of record in this case.

16  Dated:  February 21, 2017                           /s/ Sean E. Ponist
                                                                      Sean E. Ponist
17

18

19

20

21

22

23

24

25

26

27

28