JOHN ROBERT UNRUH (SBN 254662)
john@jru-law.com
**UNRUH LAW, P.C.**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel:  415-335-6417
Fax: 415-360-5917

Attorney for Plaintiff Sarah Domenico

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| SARAH DOMENICO,<br><br>        Plaintiff,<br><br>    vs.<br><br>HARTEN RESOURCES, INC., VIAGUARD PRENATAL TESTING DIVISION, and VIAGUARD ACCU-METRICS.<br><br>        Defendants. | Case No. 4:16-cv-05321-JSW<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>Date:       April 21, 2017<br>Time:       9:00 a.m.<br>Judge:      Jeffrey S. White<br>Courtroom:  Courtroom 5, 2nd Floor<br>            1301 Clay Street<br>            Oakland, CA 94612<br>Trial:      Not Set |

1

## I. STATEMENT OF THE ISSUES TO BE DECIDED

Should Defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted where that motion raises solely a question as to the relief available on Plaintiff's claims and makes no attempt to show that the Complaint's allegations fail to state any legal claim?

## II. RELEVANT FACTS

On June 23, 2016 Plaintiff filed her Complaint in the California Superior Court of Alameda County. Plaintiff's Complaint brings five causes of action: (1) Intentional Infliction of Emotional Distress; (2) Negligent Infliction of Emotional Distres; (3) Breach of Contract; (4) Unfair Competition (Business & Professions Code § 17200); and (5) False Advertising (Business & Professions Code § 17500). Docket 31-1. Each one of Plaintiff's causes of action seeks multiple forms of relief, including, "All other relief the Court deems just and proper." *Id*. at p.9.

On September 16, 2016, Defendants removed Plaintiff's action to this Court.

On February 21, 2017, Defendants filed Defendant's Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities [FRCP 12(b)(6)] ("Motion") for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Docket 30.

Defendants' Motion fails to seek dismissal of any of Plaintiff's five causes of action. Instead, Defendants attack solely Plaintiff's damages requests "for exemplary and punitive damages", "for interest", and "for attorneys fees and costs". Motion at 1:28-2:6. The challenged categories of damages are not the exclusive categories of damages sought as to any of Plaintiff's causes of action. Defendants' Motion makes no attempt to show that the Complaint fails to state a claim on which some type of relief could be granted. Instead, the Motion acknowledges that "Plaintiff alleges a breach of contract" (Motion at 7:19-20), that Plaintiff alleges "negligence in [Defendants'] testing or the transmission of the testing results" (*id*. at 5:19-21) and that "[t]he uncertainty as to which man fathered her child allegedly caused Plaintiff severe emotional distress" (*id*. at 4:15-16).

//
//

2

### III.  LEGAL STANDARD

The sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a plausible claim for relief, and Defendants bear the burden of showing that no claim has been stated. See *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

On a Rule 12(b)(6) motion to dismiss, the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F3d 123, 127 (2nd Cir. 2009); *Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F3d 396, 400 (6th Cir. 2012); see also *Braden v. Wal-Mart Stores, Inc.*, 588 F3d 585, 595 (8th Cir. 2009) ("*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice"). Where the complaint's allegations are capable of more than one inference, the court must adopt whichever plausible inference supports a valid claim. *Starr v. Baca*, 652 F3d 1202, 1216 (9th Cir. 2011). In addition, all general allegations must be assumed to "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified School Dist.*, 37 F3d 517, 521 (9th Cir. 1994).

A complaint should not be dismissed merely because a plaintiff relies on an incorrect or imperfectly stated legal theory if the facts alleged support *any* valid theory. *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346, 347 (2014); *Alvarez v. Hill*, 518 F3d 1152, 1158 (9th Cir. 2008). Similarly, demand for an improper remedy is not grounds for 12(b)(6) motion. "(I)t need not appear that the plaintiff can obtain the *specific* relief demanded as long as the court can ascertain from the face of the complaint that *some relief* can be granted." *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1103–04 (D.C. Cir. 1985), abrogated on other grounds by *Siegert v. Gilley*, 500 U.S. 226 (1991) (emphasis in original); *Rodriguez v. Serv. Employees Int'l*, 755 F. Supp. 2d 1033, 1053 (N.D. Cal. 2010) (J. Spero); *Holt Civic Club v. Tuscaloosa*, 439 U.S. 60, 65-66 (1978) ("a meritorious claim will not be rejected for want of a prayer for appropriate relief"); *Floyd v. Trice*, 490 F.2d 1154, 1158

1  (8th Cir.1974) (complaint which can state a valid cause of action should not be dismissed "even if
2  [it] asks for relief beyond that ordinarily permissible").

### IV.    LEGAL ARGUMENT

Defendants' Motion takes issue exclusively with Plaintiff's prayer for certain categories of relief.  See Motion at 4:23 (asserting that "no legal basis for a claim for damages exists"); *id*. at 5:3-5 ("Because Plaintiff's claims for exemplary and punitive damages, interest, and attorney fees do not and cannot satisfy this fundamental standard, the Court should dismiss them with prejudice."); *id*. at 6:3 ("Plaintiff's request for punitive and exemplary damages fails as a matter of law."); *id*. at 6:27-7: ("alleged damages are not 'liquidated'…. …Plaintiff is not entitled to interest on such alleged damages") (underlining omitted); *id*. at 7:19-20 ("although Plaintiff alleges a breach of contract and seeks attorney fees, she has failed to allege any statutory or contractual basis for such fees").  Defendants gave no notice of any purported failure of Plaintiff's allegations to state a claim, instead gave notice of a challenge solely to Plaintiff's prayers "for exemplary and punitive damages", "for interest", and "for attorneys fees and costs".  Motion at 1:28-2:8.

Defendants cite *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010), as holding that a 12(b)(6) motion to dismiss "is appropriate where, [], no legal basis for a claim for damages exists."  Motion at 4:21-24.  But *Whittlestone* is not authority for that proposition.  *Whittlestone* considered the limits of a court's ability to strike material under Federal Rule of Civil Procedure 12(f), and determined that only certain categories of material may be striken pursuant to that rule, namely: "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous [material]."  *Whittlestone*, 618 F.3d at 973-74.  *Whittlestone* determined that an assertion that "damages are precluded as a matter of law" falls into none of those categories and is thus not a sufficient basis for a Rule 12(f) motion to strike.  *Id*. at 974.  In coming to its conclusion, the court noted that the Rule 12(f) motion before it was "really an attempt to have certain portions of [the] complaint dismissed or to obtain summary judgment against [plaintiff] as to those portions of the suit[.]"  *Id*.  The court felt that "to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading … would be creating redundancies within the Federal

4

Rules of Civil Procedure" since other rules, specifically Rules 12(b)(6) and 56, "already serve[] such a purpose." *Id*. The *Whittlestone* court declined to review the defendant's request under a Rule 12(b)(6) standard. *Id*. at 974 ("if a party may seek dismissal of a pleading under Rule 12(f), the district court's action would be subject to a different standard of review than if the district court had adjudicated the same substantive action under Rule 12(b)(6). Applying different standards of review, when the district court's underlying action is the same, does not make sense."). *Whittlestone*'s sole holding was that Rule 12(f) cannot be used to strike damages purported to be precluded by law. *Whittlestone* failed to reach the issue of whether, standing alone, the assertion that a particular relief is legally precluded is sufficient to obtain dismissal under Rule 12(b)(6).

Though *Whittlestone* never reached the issue, multiple courts have held that a mere attack on the availability of a particular type of requested relief is insufficient to obtain dismissal under Rule 12(b)(6).

> [I]t need not appear that the plaintiff can obtain the *specific* relief demanded as long as the court can ascertain from the face of the complaint that *some relief* can be granted. [citation]. When a motion to dismiss a complaint is made, ... the clear and long-accepted meaning [of Rules 54(c) and 12] is that a complaint should not be dismissed for legal insufficiency except where there is failure to state a claim on which some relief, not limited by the request in the complaint, can be granted. [citations]. A district court should not grant a Rule 12(b)(6) motion to dismiss for failure to seek the technically appropriate remedy when the availability of some relief is readily apparent on the face of the complaint.

*Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1103–04 (D.C. Cir. 1985), abrogated on other grounds by *Siegert v. Gilley*, 500 U.S. 226 (1991) (italics in original); see also *Rodriguez v. Serv. Employees Int'l*, 755 F. Supp. 2d 1033, 1053 (N.D. Cal. 2010) (J. Spero) (dismissal under Rule 12(b)(6) "on the basis that the remedies sought in [complaint] are unavailable" is inappropriate "so long as some relief is available"); *Holt Civic Club v. Tuscaloosa*, 439 U.S. 60, 65-66 (1978) ("a meritorious claim will not be rejected for want of a prayer for appropriate relief"); *Floyd v. Trice*, 490 F.2d 1154, 1158 (8th Cir.1974) (complaint which can state a valid cause of action should not be dismissed "even if [it] asks for relief beyond that ordinarily permissible").

Post *Whittlestone*, many district courts in the Ninth Circuit have denied motions to dismiss under Rule 12(b)(6) where, as here, the only assertion was that the remedy sought was legally unavailable. See, *e.g.*, *A.J.B. v. Cty. of Riverside*, No. 513CV02352SVWFFM, 2014 WL 12591807, at *1 (C.D. Cal. Mar. 4, 2014) (denying 12(b)(6) motion where "[e]ven if defendants' motion were granted, none of plaintiffs' claims would be dismissed. Instead, some of the complaint's allegations regarding certain types of damages would be excised."); *Palantir Techs., Inc. v. Palantir.net, Inc.*, No. C 10-04283 CRB, 2011 WL 3047327, at *5 (N.D. Cal. July 25, 2011) ("as it appears that Palantir.net could obtain some relief if it prevailed on that claim, its Second Amended Counterclaim survives dismissal, regardless of the relief requested"); *Rodriguez*, 755 F. Supp. 2d at 1053–54 ("Defendant does not [] cite authority addressing whether it is appropriate to dismiss a complaint under Rule 12(b)(6) on the basis that the remedies sought in it are unavailable. The Court concludes that it is not, so long as some relief is available."); *Wilson v. Gaver*, No. CV1600334BROGJSX, 2016 WL 3456987, at *7 (C.D. Cal. June 6, 2016) ("even assuming Plaintiff demands an improper remedy, the Court declines to dismiss Plaintiff's UCL claim, as "the [C]ourt can ascertain from the face of the complaint that some relief can be granted"); *Avitan v. Holder*, No. C-10-03288-JCS, 2011 WL 499956, at *8 (N.D. Cal. Feb. 8, 2011) ("As Defendants have not established that there is no form of relief that could be granted on these claims, the Court declines to dismiss Claims One and Two on this basis.").

Defendants' authority is not to the contrary. Defendants cite *R Power Biofuels, LLC v. Chemex LLC*, No. 16-CV-00716-LHK, 2016 WL 6663002, at *21 (N.D. Cal. Nov. 11, 2016) for the proposition that "Claims for attorney fees are subject to a motion to dismiss." Motion at 7:5-6. But *R Power Biofuels* did not stand for such a broad proposition. Instead, that case held, where "the parties agree[d] that punitive damages are only available for contract claims if the breaches of contract are also tortuous" and "[t]he Court ha[d] dismissed all of Plaintiff's claims for tortious breaches of contract", that "therefore" it was proper to also dismiss the prayer for punitive damages that was dependent upon that legally-insufficient cause of action. *R Power Biofuels*, 2016 WL 6663002, at *21. And that court also granted "leave to amend because punitive damages may be

6

warranted should Plaintiff successfully plead a tort claim in an amended complaint." *Id*. Thus, *R Power Biofuels* cannot be read to stand for the proposition that attacking the availability of a particular type of remedy, without attempting to show that the Complaint fails to state a claim upon which relief can be granted, is sufficient to obtain dismissal on a 12(b)(6) motion.

Similarly, in *Diaz v. Bank of Am. Home Loan Servicing, L.P.*, No. CV099286PSGMANX, 2011 WL 13046844 (C.D. Cal. July 8, 2011), cited at Motion 5:10-12, the plaintiff's intentional infliction of emotional distress claim had been twice found legally insufficient and only then did the court turn to removing the request for punitive damages. See *id*. at *4 ("the Court dismissed Plaintiff's IIED claim because Plaintiff only alleged that 'Defendants' 'predatory lending practices' are 'cruel and outrageous,' in part due to the fact that the loan was for Plaintiff's primary residence" and then dismissed Plaintiff's amended "IIED claim … built upon housing discrimination and elder abuse" because "the allegations are little more than a formal recitation of the elements of an IIED claim").

In contrast to *Diaz*, here, while it is undisputed that punitive damages are available on emotional distress claims, Defendants' 12(b)(6) Motion makes no attempt to argue that Plaintiff has failed to state a claim for negligent or intentional emotional distress as a matter of law. See Cal. Civ. Code § 3294(a) ("In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."); Motion at 5:19-20 (citing Section 3294); *id*. at 5:19-21 (acknowledging Plaintiff alleges "negligence in the testing or the transmission of the testing results"); Complaint ¶ 14 (alleging that after mixing up results of paternity tests, in a phone call with Plaintiff and father of her child "so that [father] could learn that Plaintiff really was twice informed that [another man] was the father", Defendants "stated that Plaintiff was 'lying'[,] …[which] was patently false and further inflamed [father's] incredulity of the situation causing Plaintiff great emotional stress and harm.").

Defendants cite California law for the applicable procedural standards. See Motion at 5:12-17 (citing Weil & Brown, Cal. Practice Guide: Civil Proc. Before Trial (TRG 2014) for the applicable standard for striking, again not granting dismissal of, claims for punitive damages); *id*. at 7:7 (citing same as authority for the proposition that attorneys fees are subject to a motion to dismiss). But in federal court, federal law, instead of state law, governs procedural issues. See *Erie Railroad Co. v. Tompkins*, 304 US 64, 78 (1938). And federal law says that, under Rule 12(b)(6), even where a plaintiff relies on an incorrect or imperfectly stated legal theory, the complaint should not be dismissed if the facts alleged support any valid theory. See *Johnson v. City of Shelby, Miss*., 135 S.Ct. 346, 347 (2014) (plaintiffs not required to invoke specific federal civil rights statute at issue in order to avoid dismissal of their employment action); *Alvarez v. Hill*, 518 F3d 1152, 1158 (9th Cir. 2008); *Wilson v. Birnberg*, 667 F3d 591, 595 (5th Cir. 2012).

Defendants had the burden to show in their Motion that the Complaint fails to state a claim upon which relief can be granted. See *Kehr Packages, Inc. v. Fidelcor, Inc*., 926 F.2d 1406, 1409 (3d Cir. 1991) ("under Rule 12(b)(6) the defendant has the burden of showing no claim has been stated"); *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (same); *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006) ("on a 12(b)(6) motion, the moving party bears the burden of demonstrating that the plaintiff failed to state a claim. … Because Defendants did not offer a single argument to support their assertion that Plaintiffs failed to state a claim for relief under the APA, Defendants failed to meet their burden of proof, and the district court should have dismissed Defendants' motion."). Defendants made no attempt to meet that burden in their Motion. To the contrary, Defendants' 12(b)(6) Motion acknowledges that the Complaint states claims on which relief can be granted. See Motion at 7:19-20 ("although Plaintiff alleges a breach of contract"); *id*. at 5:19-21 ("Here, at best, there was negligence in the testing or the transmission of the testing results"); *id*. at 4:15-16 ("The uncertainty as to which man fathered her child allegedly caused Plaintiff severe emotional distress.").

Because Defendants' Motion, despite being brought pursuant to Rule 12(b)(6), raises solely a question as to the proper type of relief for Plaintiff's (undisputedly stated) claims, that Motion

should be denied.  However, to the extent this Court grants Defendants' 12(b)(6) Motion, leave to amend should be given.  See Fed. R. Civ. Proc. 15(a) (leave to amend "shall be freely given when justice so requires"); *United States v. Corinthian Colleges*, 655 F3d 984, 995 (9th Cir. 2011) (standard for granting leave to amend is "generous"); *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F3d 930, 943 (7th Cir. 2012).

## V.   CONCLUSION

For the foregoing reasons, Defendants 12(b)(6) Motion was improperly brought and should be denied in its entirety.  Should the Court grant any portion of Defendants' 12(b)(6) Motion be granted, Plaintiff requests leave to amend her Complaint.

Date:   March 7, 2017                                        UNRUH LAW, P.C.


/s/ John Robert Unruh
John Robert Unruh
Attorney for Plaintiff